BRIDGET SULLIVAN, administratrix, *vs.* NEW BEDFORD INSTITUTION FOR SAVINGS.

Bristol.    Oct. 27. — 28, 1885.    FIELD & C. ALLEN, JJ., absent.

A person, who has been admitted as claimant, under the Pub. Sts. *c.* 116, § 31, in an action to recover money deposited in a savings bank, is not entitled, after a verdict for the plaintiff, to move in arrest of judgment, until some unauthorized order or judgment adverse to him has been entered by the Superior Court.

CONTRACT to recover $1000, deposited in the defendant bank by Thomas H. Sullivan, the plaintiff's intestate, " in trust for Edward Sullivan," who appeared as claimant of the fund.

At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the plaintiff; and the claimant filed the following motion :

" And now after verdict for the plaintiff, comes Edward Sullivan, who was made defendant in this action under the provisions of the Pub. Sts. *c.* 116, § 31, as appears of record, to which reference is made, and moves that judgment on the verdict be arrested, because he says that no valid judgment can be entered thereon, in that the said New Bedford Institution for Savings has ceased to be a party defendant; that it holds the money, while the defendant Edward Sullivan does not, and the law makes no proper provision for issuing execution on any judgment that may be rendered, nor does the law provide against which of the two parties judgment shall be rendered; that upon the record and the law such uncertainty exists as that no valid judgment can be rendered or execution issued."

This motion was overruled; and the claimant alleged exceptions.

*J. Brown,* for the claimant.

*T. F. Desmond,* for the plaintiff, was not called upon.

BY THE COURT. The Superior Court has power, under the Pub. Sts. *c.* 116, § 31, to enter all necessary orders and judgments to secure the rights of the parties. Until some unauthorized order or judgment adverse to the claimant is entered, he is not aggrieved. No ground whatever exists for sustaining his motion in arrest of judgment, and it was rightly overruled.

*Exceptions overruled.*